**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-2173**

———————————

DAVID RIGGS,

                                              Plaintiff - Appellant,

        versus

WAL-MART STORES, INCORPORATED, a Delaware
corporation,

                                              Defendant - Appellee,

        and

OVERHEAD DOOR COMPANY OF BALTIMORE,
INCORPORATED, a Maryland corporation;
WASHINGTON OVERHEAD DOOR, INCORPORATED, d/b/a
Overhead Door Company of Washington, DC, a
Maryland corporation; OVERHEAD DOOR OPENERS,
INCORPORATED, a Maryland corporation; BESAM
AUTOMATED ENTRANCE SYSTEMS, INCORPORATED, a
Connecticut corporation; UNITED DOMINION
INDUSTRIES, INCORPORATED, d/b/a TKO Dock
Doors, a Delaware corporation; HPD
INTERNATIONAL, INCORPORATED, d/b/a TKO Dock
Doors, a Wisconsin corporation; SPX
CORPORATION, d/b/a TKO DockDoors, a Delaware
corporation,

                                              Defendants.

———————————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Alexander Williams, Jr., District Judge.
(CA-04-700-JKS)

---

Submitted: January 27, 2005        Decided: February 1, 2005

---

Before LUTTIG and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

David Riggs, Appellant Pro Se. Christopher Redmond Dunn, DECARO, DORAN, SICILIANO, GALLAGHER & DEBLASIS, LLP, Lanham, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

David Riggs appeals from the district court's judgment in his civil negligence suit, entered after a jury verdict for Wal-Mart Stores, Incorporated. On appeal, Riggs raises only one issue. He asserts that his attorney failed to subpoena key witnesses or present other evidence on his behalf. Because Riggs is bound by the acts of his attorney, see Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962), his remedy lies in a malpractice suit, not in an appeal from the district court's judgment. Id. at 634 n.10; see also Universal Film Exchs., Inc. v. Lust, 479 F.2d 573, 576-77 (4th Cir. 1973) (finding grossly negligent behavior by attorney did not constitute exceptional circumstances meriting reconsideration). Thus, we affirm the district court's judgment. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED